IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN A. THOMAS,
      Petitioner,

vs.                                          Case No. 4:07cv483/RH/EMT

FLORIDA PAROLE COMMISSION,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and a supporting memorandum (Docs. 1, 2).  Petitioner, who is a state inmate currently housed at DeSoto Correctional Institution, challenges the decision of the Florida Parole Commission ("Commission") establishing his presumptive parole release date ("PPRD") (*see* Doc. 1 at 4).  The Commission filed an answer to the petition (Doc. 14), and Petitioner filed a reply (Doc. 17).

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal habeas relief, and that the petition should be denied.

I.      BACKGROUND AND PROCEDURAL HISTORY

      Petitioner does not dispute the background and procedural history of this case as stated in the "Statement of the Case" section of the Commission's answer to his habeas petition and as established by the exhibits to the Commission's answer (*see* Doc. 14 at 2–4, Exhibits; *see also* Doc. 17).  On September 2, 1976, Petitioner was convicted in the Circuit Court in and for Orange County,

Florida, Case No. 76-745, of robbery while carrying a firearm (Doc. 14 at 2, Ex. A).  He was sentenced to life in prison with a three (3) year minimum mandatory (*id.*).  On December 20, 1978, he was resentenced to provide for pre-sentence jail credit of two (2) years and 269 days (*id.*).  On December 16, 1980, the Commission released Petitioner from prison to parole supervision, subject to conditions of supervision, until December 16, 1982, unless otherwise released or until other action by the Commission (Doc. 14 at 2, Ex. B).

On July 23, 1981, Petitioner was convicted in the Circuit Court in and for Orange County, Florida, Case No. 81-1984, of robbery with a weapon other than a deadly weapon (Doc. 14 at 2, Ex. B).  He was sentenced to twenty-five (25) years of imprisonment, with pre-sentence jail credit of ninety-eight (98) days (*id.*).  On September 16, 1981, the Commission issued an order revoking Petitioner's parole, effective April 17, 1981 (*id.*).

On October 18, 1994, the Commission again released Petitioner from prison to parole supervision, subject to conditions of supervision, for the remainder of his life, unless otherwise released or until other action by the Commission (Doc. 14 at 3, Ex. C).  On October 15, 1997, the Commission issued an order again revoking Petitioner's parole, effective July 1, 1997 (*id.*).

For a third time, the Commission released Petitioner from prison to parole supervision, on May 4, 1999, subject to conditions of supervision, for the remainder of his life (Doc. 14 at 3, Ex. D).  On August 24, 2004, Petitioner was convicted in the Circuit Court in and for Washington County, Florida, Case No. 04-151, of one count of burglary of a structure, one count of dealing in stolen property, and one count of giving a false name (Doc. 14 at 3, Ex. E).  As to the burglary and dealing in stolen property counts, he was sentenced to concurrent terms of three (3) years of incarceration followed by one (1) year of probation, with pre-sentence jail credit of 106 days (*id.*).  He was sentenced to time served on the misdemeanor count of giving a false name (*id.*).  Also on August 24, 2004, Petitioner was convicted in the Circuit Court in and for Washington County, Florida, Case No. 04-163, of one count of burglary of a structure and one count of dealing in stolen property (Doc. 14 at 3, Ex. E).  He was sentenced to concurrent terms of three (3) years of incarceration followed by one (1) year of probation, with pre-sentence jail credit of 106 days (*id.*).  The sentencing court additionally ordered that the sentences were to run concurrent with "any other prison sentence that

may be imposed due to parole violation" (*id.*).  On December 1, 2004, the Commission issued an order revoking Petitioner's parole, effective May 13, 2004 (Doc. 14 at 3, Ex. F).

At the Commission's meeting on June 15, 2005, the Commission established Petitioner's PPRD as June 4, 2031 (Doc. 14 at 3, Ex. G).  Petitioner requested administrative review of the Commission's decision; however, the Commission found no cause to modify its decision (Doc. 14 at 3, Ex. H).

Petitioner sought to challenge the Commission's decision establishing his PPRD by filing a petition for writ of mandamus in the Circuit Court in and for DeSoto County, Florida (Doc. 14 at 3, Ex. I).  The court transferred the petition to the Circuit Court in and for Leon County, Florida (*id.*).  The state court denied the petition on the merits in an order dated July 4, 2007 (Doc. 14 at 3–4, Ex. I).  Petitioner appealed the decision to the Florida First District Court of Appeal (First DCA), but the appellate court dismissed the appeal on September 20, 2007, due to Petitioner's failure to comply with an order requiring him to file an amended notice of appeal which contained an original signature (Doc. 14 at 4, Ex. I.).

Petitioner filed the instant federal habeas petition on November 7, 2007 (Doc. 1 at 6).

II.     ANALYSIS

Petitioner raises the following three grounds for relief:[1]

A.     Ground one:  "The Florida Parole Commission abused their discretion in failing to follow the procedures provided by statute in miscalculating the silent [sic] factor score, which placed the petitioner in a higher category than should be, resulting in a more severe penalty."

B.     Ground two:  "The Fla. Parole Commission departed from the essential requirements of the law in erroneously aggravating the petitioner's 256 months for non-existing factors."

C.     Ground three:  "The Fla. parole Commission erred in calculating the "Time Begins" date contrary to the procedures provided by the statute."

---

[1]Although Petitioner asserts only one ground for relief in his actual petition (*see* Doc. 1 at 4), he includes two additional grounds in his separately filed supporting memorandum (*see* Doc. 2).  In light of Petitioner's pro se status, the undersigned liberally construes his petition as raising all three grounds. *See* Drayton v. Sec'y for Dep't of Corr., 249 Fed. Appx. 813, 815 (11th Cir. 2007) (under liberal construction applicable to pro se habeas corpus petitions, pro se petitioner adequately raised constitutional claim that was referred to only in supporting memorandum and not in petition itself).

In Ground One, Petitioner contends the Commission misapplied Rule 23-21.007 of the Florida Administrative Code (FAC) in calculating his Salient Factor Score (Doc. 2 at 6).  He first argues that the Commission misapplied Rule 23-21.007(1) by assessing him two (2) points for Item 1, Number of All Prior Convictions, because he did not have three or more prior convictions to qualify for an assessment of two points in this category (*id.* at 6–7; *see* Doc. 14, Ex. G).  He additionally states the Commission misapplied Rule 23-21.007(4) of the FAC by assessing him one (1) point instead of zero (0) points for Item 4, Age at Offense Which Led to the First Incarceration, because he was not twenty-six (26) years old at the time of his first conviction on September 2, 1976 (Doc. 2 at 7; Doc. 14, Ex. G).  Petitioner contends as a result of the miscalculation of his Salient Factor Score, he was placed in the "8–11" category instead of the "5–7" category, which placed him in a higher Matrix Time Range of months in calculating his PPRD (Doc. 2 at 8; Doc. 14, Ex. G).

In Ground Two, Petitioner contends the Commission erroneously applied a Recidivist Criminal Factor in calculating his Matrix Time Range for the primary offense of robbery with a weapon other than a deadly weapon (Doc. 2 at 9–11; Doc. 14, Ex. G).  He states the Recidivist Criminal Factor did not apply because he did not have four or more prior separate adult felony convictions required by Rule 23-21.002(39) of the FAC (Doc. 2 at 9).  He additionally argues the Commission exceeded its statutory authority by applying an aggravating factor for each of the three concurrent sentences imposed in Case No. 04-151, instead of counting the concurrent sentences as only one sentence (Doc. 2 at 10; Doc. 14, Ex. G).  Petitioner further argues the Commission violated double jeopardy principles by including a prison disciplinary report as an aggravating factor when he had already been punished for the disciplinary infraction, and including each of the three concurrent sentences imposed in Case No. 04-151 as separate aggravating factors, thereby effectively increasing his punishment on those sentences (Doc. 2 at 10–11; Doc. 14, Ex. G).  Finally, Petitioner  contends the Commission violated Rule 23.21.010(2) of the FAC by using prior convictions as aggravating factors which had been already been considered in calculating his Salient Factor Score (Doc. 2 at 11; Doc. 14, Ex. G).

In Ground Three, Petitioner contends the Commission failed to follow Rule 23.21.011(2)(a, b) of the FAC in calculating his "Time Begins" date (Doc. 2 at 12; Doc. 14, Ex. G).  He states the

correct date should have been July 23, 1981, the date of his conviction in Case No. 81-1984 for robbery with a weapon other than a deadly weapon, instead of February 4, 1984 (*id.*).

Respondent contends Petitioner did not assert any constitutional claims, and all of his arguments are issues of state law only; therefore, his claims are not reviewable under federal habeas (Doc. 14 at 4–5).  Respondent further contends that to the extent Petitioner asserts due process violations, the Eleventh Circuit determined in <u>Damiano v. Florida Parole and Probation Commission</u>, 785 F.2d 929, 931 (11th Cir. 1986), that the Commission's establishment of a PPRD does not create a liberty interest or require due process protections (*id.*).  The Commission also addresses the merits of each of Petitioner's claims and argues that none of them are meritorious (*id.* at 5–11).

In it well established that federal habeas relief is available to correct only constitutional injury.  28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); <u>Wainwright v. Goode</u>, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); <u>Barclay v. Florida</u>, 463 U.S. 939, 958–59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); <u>Engle v. Isaac</u>, 456 U.S. 107, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1981); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053 (11th Cir. 1983).  Questions of state law and procedure "rarely raise issues of federal constitutional significance.  [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>Tejada v. Dugger</u>, 941 F.2d 1551 (11th Cir. 1991) (quoting <u>Carrizales</u>, *supra*).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."  <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." <u>Tejada</u>, 941 F.2d at 1560.  The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly."  <u>Estelle</u>, 502 U.S. at 352.  The instant case is not one in

which there were such critical errors, if indeed there were any errors, that a due process violation is apparent.

In order to establish a violation of the Due Process Clause, a petitioner must have been deprived of a liberty or property interest protected under the Fifth Amendment.  *See* American Mfrs. Ins. Co. v. Sullivan, 526 U.S. 40, 59, 119 S. Ct. 977, 989, 143 L. Ed. 2d 130 (1999).  Due process interests in the prison setting

> will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, *see, e.g.*, Vitek [v. Jones, 445 U.S. 480, 493 (1980)] (transfer to mental hospital), and Washington [v. Harper, 494 U.S. 210, 221–22 (1990)] (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 485, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). Alternatively, state-created procedures can give rise to a protected liberty interest for purposes of procedural due process when those procedures place substantive limitations upon official discretion. Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000); *see also*  Olim v. Wakinekona, 461 U.S. 238, 249, 103 S. Ct. 1741, 1747, 75 L. Ed. 2d 813 (1983) (if the relevant statute "places no substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated).

In the context of parole, the United States Supreme Court has held that there is no due process right to parole; accordingly, an administrative decision on whether to grant an inmate release on parole, however serious the impact, does not automatically invoke due process protection. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979).  However, since the Due Process Clause applies when the government deprives a person of a protected liberty interest, due process protections are invoked where a statute creates a legitimate expectation of parole.  *Id.*, 442 U.S. at 7–8; Hunter v. Florida Parole & Probation Com'n, 674 F.2d 847, 848 (11th Cir. 1982).  A statute which provides for the mere possibility of parole, however, does not create a liberty interest protected by due process for the reason that it depends wholly on the unfettered exercise of discretion by a board or other authority.  Greenholtz, *supra*.  Florida's parole statutes are an example of such statutes, and have

been held not to create a legitimate expectation of parole, leaving due process inapplicable to the procedure for granting parole.  Hunter, *supra* (citing Staton v. Wainwright, 665 F.2d 686 (5th Cir. 1982)).  Further, as the Eleventh Circuit made plain in Staton:

> Much of the Florida statutory scheme [concerning parole] is written in mandatory terms.  That language, however, is qualified by the exercise of the Commission's discretion.  The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters committed ultimately to the discretion of the Commission.  Even if the inmate's conduct has been satisfactory, Florida law specifically grants the Commission the power to authorize the effective parole release date or to deny or delay release.

> Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes.

*Id.* at 688; *see also* Meola v. Dep't of Corrections, 732 So. 2d 1029, 1034 (Fla. 1998) ("In Florida, parole-eligible inmates do not have a legitimate expectation of liberty or right to expect release on a certain date even after they have been given a specific Presumptive Parole Release Date (PPRD).").    Furthermore, as pointed out by Respondent, the Eleventh Circuit has held that the calculation of a PPRD does not require due process protections.  *See* Damiano, 785 F.2d at 931–32 (holding that prisoner's due process claim that the FPC used improper factors in aggravating his score during calculation of his PPRD did not rise to the level of a constitutional violation; "even though the PPRD is binding on the Commission, . . . it does not create a liberty interest or require due process protections"); Hunter, 674 F.2d at 848 (rejecting a claim that the FPC improperly calculated a PPRD and, thus, violated due process, holding that because there was no liberty interest in parole, there was no due process violation).  Therefore, Petitioner is not entitled to federal habeas relief on his claims that the Commission violated Florida law and the Due Process Clause in establishing his PPRD.

    With regard to any alleged double jeopardy violations, consideration of collateral matters, including an inmate's criminal history and prison disciplinary history, in setting a PPRD is neither a new punishment nor a second attempt at punishment proscribed by the Double Jeopardy Clause. The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  The Double

Jeopardy Clause protects against "the imposition of multiple punishments for the same offense." United States v. Dowd, 451 F.3d 1244, 1251 (11th Cir. 2006).  In Witte v. United States, the Supreme Court held that the Double Jeopardy Clause did not bar a prosecution for conduct that had provided the basis for an enhancement of the defendant's sentence in a prior case.  515 U.S. 389, 406, 115 S. Ct. 2199, 2209, 132 L. Ed. 2d 351 (1995).  The Court explained that the "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." Id., 515 U.S. at 399.  The Court also discussed enhancement statutes, such as the criminal history provisions of the United States Sentencing Guidelines, and explained that there was no double jeopardy violation because "the enhanced punishment imposed for the later offenses 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'"  Id. at 400 (quoting Gryger v. Burke, 334 U.S. 728, 732, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948)).  In United States v. Watts, the Supreme Court held that the Double Jeopardy Clause permits a court to consider acquitted conduct in sentencing a defendant under the United States Sentencing Guidelines because "consideration of information about the defendant's character at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted."  519 U.S. 148, 155, 117 S. Ct. 633,  636, 136 L. Ed. 2d 554 (1997) (citing Witte, 515 U.S. at 401).  The same rationale applies to Petitioner's double jeopardy challenge to the Commission's consideration of prior convictions and prison disciplinary convictions in establishing his PPRD upon his return to prison for a parole violation.  Therefore, Petitioner has failed to establish a double jeopardy violation.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED** with prejudice.

At Pensacola, Florida, this 26th day of February 2009.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE  JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).